Robert **TURCO** and Ronald
Turco, **Plaintiffs,**

v.

**LOCAL LODGE 5, INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIPBUILDERS, BLACKSMITHS, FORGERS AND HELPERS, AFL–CIO, Defendants.**

No. CV 80–1366.

United States District Court,
E.D. New York.

Sept. 21, 1984.

Hall, Clifton & Schwartz, New York City, for plaintiffs.

Delson & Gordon, New York City, for defendants.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

In this action, plaintiffs contend that their union local refused to refer them for employment because plaintiffs' father is a union dissident, and because plaintiffs had previously sued the local in order to obtain a transfer of their membership from another local to that local.

The complaint asserts claims for: (1) discipline without notice and without a full and fair hearing, 29 U.S.C. Section 411(a)(5); (2) discipline for the filing of said suit, 29 U.S.C. Section 529; (3) breach of the duty of fair representation, 29 U.S.C. Section 151 et seq.

Defendant argues that the applicable statute of limitations is six months, relying upon *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). There, a six month statute of limitations was applied· for a suit against an employer for breach of a collective bargaining agreement and against a union for a breach of the duty of fair representation. The Supreme Court borrowed the six month limitation from 29 U.S.C. Section 160(b), which provides a six month limitation for making charges of unfair labor practices to the National Labor Relations Board. In *Erkins v. United Steelworkers of America*, 723 F.2d 837 (11th Cir.1984), it was held that application of the six month limitation was appropriate (and in fact even more appropriate than in *DelCostello*) for a suit solely against a union for breach of the duty of fair representation.[1]

Plaintiffs argue that the ban on discipline without notice and hearing of 29 U.S.C. Section 411(a)(5) is incorporated into the union constitution by virtue of 29 U.S.C. Section 411(b), which provides that "[a]ny provision of the constitution and by-laws of any labor organization which is inconsistent with the provisions of this section shall be of no force or effect." Consequently, plaintiffs argue that this action may be construed as one for violation of the union constitution under 29 U.S.C. Section 185(a), and that the appropriate limitation is therefore New York's six year limitation for breach of contract actions. Further, plaintiffs seek to explicitly amend the complaint to assert a claim for violation of the union constitution.

Nothing in 29 U.S.C. Section 411(b) incorporates the provisions of 29 U.S.C. Section 411(a)(5) into the union constitution. *See Erkins*, supra. By its terms, 29 U.S.C. Section 411(b) merely voids inconsistent union constitution provisions, but does not incorporate any new provisions in the union constitution. As for plaintiffs' motion to amend the complaint, we find that an amendment to assert a wholly novel theory at this late date would be inequitable.

Defendant's motion to dismiss is granted. This action is dismissed on the ground that it is time-barred. The Clerk shall enter judgment accordingly.

SO ORDERED.

---

1. There is some authority for the proposition that the six month limitation does not apply when the suit is brought against the union alone rather than against both the union and the employer. *Gordon v. Winpisinger*, 581 F.Supp. 234 (E.D.N.Y.1984). However, the Supreme Court has noted that "duty-of-fair representation claims are allegations of unfair, arbitrary, or discriminatory treatment of workers by unions—as are virtually all unfair labor practice charges made by workers against unions." *Del-* *Costello v. International Broth. of Teamsters*, 462 U.S. 151, —— —— ——, 103 S.Ct. 2281, 2293–2294, 76 L.Ed.2d 476 (1983). The Court thus strongly suggested that claims, such as the instant claims for breach of the duty of fair representation and illegal discipline, for "unfair, arbitrary, or discriminatory treatment of workers by unions" are to be governed by the six month statute of limitations for unfair labor practices charges made before the National Labor Relations Board. We therefore decline to follow *Gordon*.