**Lawrence F. VALLONE, et al., Plaintiffs-Appellants,**

**v.**

**LOCAL UNION NO. 705, INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, et al., Defendants-Appellees.**

No. 84–1014.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 29, 1984.

Decided Dec. 19, 1984.*

Opinion Jan. 31, 1985.

---

* This appeal was originally decided by an unpublished order on December 19, 1984 pursuant to Circuit Rule 35. The court has subsequently decided to issue that decision as an opinion.

Robin B. Potter, Potter & Schaffner, Chicago, Ill., for plaintiffs-appellants.

Edwin H. Benn, Asher, Pavalon, Gittler, Greenfield & Segall, Chicago, Ill., for defendants-appellees.

Before BAUER and POSNER, Circuit Judges and HAYNSWORTH, Senior Circuit Judge.**

PER CURIAM.

Plaintiffs, members of the several union locals named herein as defendants, challenge the validity of modifications made in their labor contracts in May, 1982. Plaintiffs allege that the unions breached their duty of fair representation to their members in the negotiation, execution, and implementation of the modifications in violation of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1975). Plaintiffs also allege that the unions deprived them of their rights to free speech, assembly, due process, and an equal vote in union affairs in violation of Title I of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. §§ 411, 412 (1976).

The district court granted summary judgment against plaintiffs and dismissed plaintiffs' pendent state claims, holding that plaintiffs' federal claims were barred by the statute of limitations under Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) (1975). On appeal, plaintiffs contend that the six month statute of limitations under Section 10(b) is inappro-

priate for claims arising under Title I of the LMRDA, and that even if Section 10(b) does apply the plaintiffs' claims are not barred by that statute of limitations. We affirm.

■ Neither Section 301 of the LMRA nor Title I of the LMRDA contains a statute of limitations for claims filed thereunder. The general rule in such a situation is to apply the statute of limitations of the most analogous state law. *See DelCostello v. Internat'l Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983); *Metz v. Tootsie Roll Industries, Inc.,* 715 F.2d 299, 302 (7th Cir.1983), *cert. denied,* ── U.S. ──, 104 S.Ct. 976, 79 L.Ed.2d 214 (1984). This rule is inappropriate, however, when applying the state law is inconsistent with the policy underlying the federal law. *See DelCostello,* 103 S.Ct. at 2289; *Metz,* 715 F.2d at 302–03.

In *DelCostello,* the Supreme Court held that the six month statute of limitations under Section 10(b) applied to claims filed under Section 301 of the LMRA because of the strong federal policy favoring uniformity of labor laws and the "rapid final resolution of labor disputes," 103 S.Ct. at 2292, and because in Section 10(b) "Congress established a limitations period attuned to what it viewed as the proper balance between the national interests in stable bargaining relationships and finality of private settlements, and an employee's interest in setting aside what he views as an unjust settlement under the collective-bargaining system." *Id.* at 2294 (*quoting United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 70, 101 S.Ct. 1559, 1567, 67 L.Ed.2d 732 (1981)). *See Metz,* 715 F.2d at 302–03.

■ We believe that the reasoning in *DelCostello,* which was specifically adopted by this Court in *Metz,* is also applicable to plaintiffs' claim under Title I of the LMRDA. The federal policies underlying the LMRA are also the basis of the LMRDA, and the interests balanced by

** The Honorable Clement F. Haynsworth, Jr., Senior Judge of the United States Court of Appeals for the Fourth Circuit, is sitting by designation.

Congress in establishing the statute of limitations in Section 10(b) are the same interests at issue in this case. *See Bigbie v. Teamsters Local 142*, 114 LRRM 2468, 2469 (N.D.Ill.1983) (statute of limitations under Section 10(b) applied in action under LMRDA for alleged violation of employee's voting rights). Therefore, we affirm the District Court's ruling that the six month statute of limitations under Section 10(b) applied to plaintiffs' claim under Title I of the LMRDA.

■■■ Plaintiff contends that notwithstanding this ruling, this suit was timely because plaintiffs' federal claims accrued upon the final disposition of grievances filed with the unions, not at the time of the modification referenda, as the district court found. Plaintiffs argue that the district court's ruling forces them into a "Catch-22 situation" in which they will be barred from suing the union if they wait more than six months while their grievances are processed, but will be dismissed from federal court for failure to exhaust their internal remedies if they file suit within the period of the statute of limitations.

The statute of limitations begins to run when "the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged [violation]." *Metz v. Tootsie Roll Industries, Inc.*, 715 F.2d at 304 (*quoting Hungerford v. United States*, 307 F.2d 99, 102 (9th Cir.1962)). Plaintiffs were well aware of the unions' acts which are the basis of this suit at the time they occurred, almost eight months before suit was filed. They argue, however, that the filing of grievances tolled the statute of limitations until the final disposition of those grievances.

We disagree with plaintiffs' contention that the statute of limitations was tolled until the last of their grievances was processed. The grievances which plaintiffs argue tolled the statute of limitations were based on individual pay claims and did not address the claims raised in this suit. *See, e.g.*, Plaintiffs' Ex. 18A. Therefore, the district court properly ruled that these grievances did not toll the statute of limitations.

Even accepting plaintiffs' argument that these grievances addressed the claims asserted in this case, we cannot agree that the suit was timely filed. As early as June 22, 1982, plaintiffs were informed that the union considered these grievances meritless and refused to proceed on them. *See* Wright Dep.Ex. 1 at 29–30. A decision by the union not to proceed with a grievance is no less final a determination than an arbitration award. *See Metz*, 715 F.2d at 304 (even mere inactivity by union may be a final decision); *Hall v. Printing and Graphic Arts Union*, 696 F.2d 494, 497 (7th Cir.1982). Thus, plaintiffs knew that the union would not address their concerns through the grievance procedure more than six months before this suit was filed. It would be antithetical to the national policy favoring the speedy disposition of labor disputes to allow the filing of any further grievances to toll the statute of limitations. *See United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 63, 101 S.Ct. 1559, 1564, 67 L.Ed.2d 732 (1981). *See also Metz*, 715 F.2d at 305 (union's failure to process grievance did not constitute "continuing violation" which tolled statute of limitations) (*citing Local Lodge No. 1424, International Ass'n of Machinists v. NLRB*, 362 U.S. 411, 415, 80 S.Ct. 822, 825, 4 L.Ed.2d 832 (1960)). Moreover, employees are not required to await the final outcome of a grievance or arbitration proceeding before filing a breach of duty of fair representation suit when the union refuses to process a grievance. *See Hines v. Anchor Motor Freight*, 424 U.S. 554, 567, 96 S.Ct. 1048, 1057, 47 L.Ed.2d 231 (1976); *Vaca v. Sipes*, 386 U.S. 171, 185, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1967). We therefore fail to see how plaintiffs were barred from filing suit within the statute of limitations by the requirement that they exhaust their internal remedies.

Plaintiffs make numerous other arguments relating to federal labor policy, equitable estoppel, and the "retroactive" application of Section 10(b). We do not find

enough merit in these arguments to address them; the dispositive issues in this case are quite basic and we believe that the cases cited herein address them thoroughly. We decline to accept what the district court termed "the plaintiffs' invitation to twist and distort the fundamental nature of their complaint simply to permit them to escape the application of the statute of limitations." Accordingly, the judgment of the district court is affirmed.

AFFIRMED.