**William McCONNELL, Plaintiff,**

**v.**

**CHAUFFEURS, TEAMSTERS AND HELPERS LOCAL 445, Raymond Ebert, personally and as Secretary-Treasurer of Local 445, Elmore Schueler, personally and as President of Local 445, Michael Marco, personally and as Business Agent of Local 445, and "John Doe" and "Richard Roe," Defendants.**

No. 84 Civ. 4020 (EW).

United States District Court,
S.D. New York.

April 10, 1985.

---

Jack J. Sissman, Albany, N.Y., for plaintiff.

David Kramer, New York City, for defendants Local 445 IBT, R. Ebert, E. Schueler and M. Marco.

## OPINION

EDWARD WEINFELD, District Judge.

This is the second forum in which plaintiff, William McConnell ("McConnell"), has brought a dispute with his Union over its policies with respect to the negotiation and administration of collective bargaining agreements. McConnell claims his criti-

cism of Union contract policies caused defendant Chauffeurs, Teamsters and Helpers Local 445 (hereinafter "Local 445" or "Union") to retaliate against him by taking him off hiring hall lists and bringing false charges resulting in his dismissal as the Union's business agent. Characterizing the Union's conduct as an unfair labor practice, plaintiff brought his grievance to the National Labor Relations Board ("NLRB"), which declined to issue a complaint, finding that the claims either lacked merit or were time-barred. Since the NLRB failed to issue a complaint, its prior consideration of plaintiff's claims is no bar to the present action.[1] Thus, plaintiff now brings an action claiming violations of the union members' "Bill of Rights," under the Labor-Management Reporting and Disclosure Act ("LMRDA"), 29 U.S.C. § 401 *et seq.* Specifically, plaintiff claims that the Union violated his right to openly and freely express his views as to Local 445's contract policies and deprived him of due process in the conduct of a disciplinary hearing.[2]

Defendants move to dismiss the complaint on a number of grounds, claiming that the subject matter of plaintiff's claim is within the exclusive jurisdiction of the NLRB; that plaintiff's claims are time-barred; and finally, that plaintiff fails to state a claim since he seeks to vindicate an interest in his employment as a business agent by the Union, an interest not protected by the LMRDA.

At the outset, the Court is faced with the defendants' claim that it must defer to the jurisdiction of the NLRB. Defendants contend that the union conduct underlying plaintiff's claim, if unlawful, is "arguably" an unfair labor practice within the meaning of Sections 8(b)(1)(A) and 8(b)(2) of the National Labor Relations Act ("NLRA")[3] and that in such circumstances, "federal courts must defer to the exclusive competence of the National Labor Relations Board."[4] In relying upon the general principles enunciated in *San Diego Building Trades Council v. Garmon,*[5] defendants ignore the Supreme Court's holding in *International Brotherhood of Boilermakers v. Hardeman.*[6] "*Hardeman* stands for the proposition that 'NLRB jurisdiction over an unfair labor practice does not divest the federal courts of jurisdiction to hear an LMRDA claim arising out of the same pattern of misconduct.' "[7]

 The "Bill of Rights" claims here, which allege retaliation for the exercise of free speech rights and fundamental unfairness in disciplinary proceedings, do not fall within the special competence of the NLRB.[8] They are brought pursuant to an express right to prosecute an action in the federal courts.[9] Accordingly, defendants' assertion of a threshold jurisdictional bar is unavailing. So, too, the fact that McConnell initially sought redress of his grievance before the NLRB does not constitute

---

1. *Peltzman v. Central Gulf Lines, Inc.,* 497 F.2d 332, 334 (2d Cir.1974), *aff'd after remand,* 523 F.2d 96 (2d Cir.1975), *cert. denied,* 423 U.S. 1074, 96 S.Ct. 857, 47 L.Ed.2d 83 (1976); *see Edna H. Pagel, Inc. v. Teamsters Local Union 595,* 667 F.2d 1275, 1280 nn. 12–13 (9th Cir. 1982) and cases cited therein.

2. *See* 29 U.S.C. §§ 411(a), 412, 529 (1982).

3. 29 U.S.C. §§ 158(b)(1)(A), 158(b)(2) (1982).

4. *San Diego Building Trades Council v. Garmon,* 359 U.S. 236, 245, 79 S.Ct. 773, 779, 3 L.Ed.2d 775 (1959).

5. 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959).

6. 401 U.S. 233, 91 S.Ct. 609, 28 L.Ed.2d 609 (1971).

7. *Quinn v. DiGiulian,* 739 F.2d 637, 643 (D.C.Cir. 1984) (quoting *Quinn v. DiGiulian,* No. 81–1921, slip op. at 5 (D.D.C. Mar. 29, 1983)); *see Hardeman, supra,* 401 U.S. at 237–41, 91 S.Ct. at 612–15; *Benda v. Grand Lodge of Int'l Assoc. of Machinists and Aerospace Workers,* 584 F.2d 308, 313, 314 n. 2 (9th Cir.1978), *cert. denied,* 441 U.S. 937, 99 S.Ct. 2065, 60 L.Ed.2d 667 (1979); *Vandeventer v. Local 513,* 579 F.2d 1373, 1377 (8th Cir.), *cert. denied,* 439 U.S. 984, 99 S.Ct. 576, 58 L.Ed.2d 656 (1978).

8. *See Hardeman, supra,* 401 U.S. at 238–39, 91 S.Ct. at 613–14.

9. 29 U.S.C. § 412 (1982).

an election of remedies so as to bar the maintenance of this action.[10]

 While plaintiff may have brought his claims to the proper forum, the question remains whether they have been brought too late. Because Congress has not explicitly provided a limitations period for claims based on 29 U.S.C. § 412, the Court must determine the applicable statute of limitations. Defendants urge the Court to adopt the six month period provided by Section 10(b) of the NLRA.[11] Plaintiff does not dispute that application of Section 10(b) would bar his claims, and instead, relies on New York law to urge application of a three year limitations period for civil rights actions. The Court finds that plaintiff's LMRDA claims are governed by Section 10(b)'s six month period for unfair labor practice charges, and therefore, are time-barred.

In *DelCostello v. International Brotherhood of Teamsters,*[12] the Supreme Court held that fair representation suits under Section 301 of the Labor Management Relations Act[13] must be brought within the six month period applicable to unfair labor practice charges. While the Court was faced there with a "hybrid" action against a Union and an employer, it found that unfair labor practice charges provided an analogy "more apt" than any State law parallels.[14] Thus the Court stated:

> Even if not all breaches of the duty [of fair representation] are unfair labor practices, however, the family resemblance is undeniable, and indeed there is a substantial overlap. Many fair representation claims ... include allegations of dis-

crimination based on membership status or dissident views, which would be unfair labor practices under § 8(b)(1) or (2). Aside from these clear cases, duty of fair representation claims are allegations of unfair, arbitrary, or discriminatory treatment of workers by unions—as are virtually all unfair labor practice charges made by workers against unions.[15]

Since *DelCostello,* the courts addressing the question have almost uniformly found the analogy between LMRDA claims alleging violation of labor's "Bill of Rights" and unfair labor practice charges at least as "apt" as the analogy the *DelCostello* court found between such claims and Section 301 hybrid suits.[16]

Here, the analogy is particularly acute. There is more than a theoretical "family resemblance"; it has been demonstrated. Plaintiff has already brought his claims to the NLRB as unfair labor practice charges. In such circumstances, to find the congressional limitations period inapplicable would be anomalous at best.

 Plaintiff's attempt to liken his action to a civil rights case ignores the fact that although the LMRDA contains what is known as the union members' "Bill of Rights," the "purpose and operation of such rights cannot be divorced from general principles governing our federal labor policy."[17] In furtherance of those policies Congress struck a balance in Section 10(b) between "the national interests in stable bargaining relationships and finality of private settlements, and an employee's interest in setting aside what he views as an unjust settlement."[18] The interests bal-

---

**10.** *Quinn v. DiGiulian,* 739 F.2d 637, 644 (D.C. Cir.1984).

**11.** 29 U.S.C. § 160(b) (1982).

**12.** 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983).

**13.** 29 U.S.C. § 185 (1982).

**14.** 462 U.S. at 169, 103 S.Ct. at 2293.

**15.** *Id.* at 170, 103 S.Ct. at 2293.

**16.** *Vallone v. Teamsters Local 705,* 755 F.2d 520, 118 Lab.Rel.Rep. (BNA) 2546 (7th Cir.1984) (per

curiam); *Local Union 1397 v. United Steelworkers,* 748 F.2d 180 (3rd Cir.1984); *Linder v. Berge,* 739 F.2d 686 (1st Cir.1984); *Turco v. Local Lodge 5, Int'l Brotherhood of Boilermakers,* 592 F.Supp. 1293 (E.D.N.Y.1984); *but see Gordon v. Winpisinger,* 581 F.Supp. 234 (E.D.N.Y.1984).

**17.** *Local Union 1397 v. United Steelworkers,* 748 F.2d 180, 183 (3rd Cir.1984).

**18.** *DelCostello, supra,* 462 U.S. at 171, 103 S.Ct. at 2294 (quoting *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 70–71, 101 S.Ct. 1559, 1567–1568, 67 L.Ed.2d 732 (1981) (Stewart, J., concurring).

**464**

anced by Congress in establishing the statute of limitations in Section 10(b) are the same interests at issue here. Promoting stable bargaining relationships between unions and employers necessitates prompt resolution of not only fair representation claims arising from employee grievances, but also the type of policy disputes and disciplinary action upon which plaintiff bases his claims against Local 445.[19]

Finally, plaintiff attempts to avoid the statute of limitations upon a contention that even if the six month period bars an LMRDA claim, his second cause of action states a claim under state law. Having found that McConnell's federal claims are barred by the statute of limitations, the Court declines to exercise subject matter jurisdiction over any remaining state law claim.

Accordingly, defendants' motion to dismiss the complaint is granted in its entirety.

So ordered.

---

**19.** *See Local Union 1397 v. United Steelworkers,* 748 F.2d 180, 182 (3rd Cir.1984); *see Vallone v. Teamsters Local 705,* 755 F.2d 520, 118 Lab.Rel. Rep. (BNA) 2546, 2547 (7th Cir.1984) (per curiam).