Michael RECTOR

v.

**LOCAL UNION NO. 10, INTERNATIONAL UNION OF ELEVATOR CONSTRUCTORS.**

Civ. No. Y–85–1142.

United States District Court,
D. Maryland.

Oct. 31, 1985.

Oliver Denier Long, Bethesda, Md., for plaintiff.

James R. O'Connell, Rockville, Md., for defendant.

## MEMORANDUM

JOSEPH H. YOUNG, District Judge.

Defendants have filed a motion to dismiss. For purposes of that motion, this Court must accept the allegations in plaintiff's complaint as true. Plaintiff Michael Rector claims that he was hurt on the job in September, 1983. He telephoned his union, defendant Local No. 10, International Union of Elevators Constructors, and an officer of the defendant told Rector that he did not have to pay his union dues while he was receiving workmen's compensation. On April 1, 1984, defendant expelled Rector for nonpayment of dues. Rector alleges that he received no notice of expulsion pro-

ceedings against him, that he did not know of the expulsion until July 15, and that the union has refused to let him appeal his case before the executive board of the local. Rector filed suit in this Court March 18, 1985, claiming that the union's action violated Title 29 U.S.C. § 411(a)(5), and basing federal jurisdiction on 29 U.S.C. § 412 (Labor-Management Reporting and Disclosure Act).

Defendant argues that Rector's claims are time-barred. Congress has not explicitly provided a statute of limitations for suits under the LMRDA, 29 U.S.C. § 412, and defendant suggests that this Court apply the six-month limitations period for filing charges with the National Labor Relations Board alleging unfair labor practices. Title 29 U.S.C. § 160(b). Defendant cites the Supreme Court's decision in *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), where the Court applied § 160(b)'s six-month limitation period to a "hybrid" suit brought against both a union and employer under 29 U.S.C. § 185, and a host of cases extending *DelCostello* and applying the six-month period to claims under 29 U.S.C. § 412. *Vallone v. Teamster Local 705,* 755 F.2d 520, 118 LRRM 2546 (7th Cir.1984) (per curiam); *Local Union 1397 v. United Steelworkers,* 748 F.2d 180 (3rd Cir.1984); *Linder v. Berge,* 739 F.2d 686 (1st Cir.1984); *Turco v. Local Lodge 5, International Brotherhood of Boilermakers,* 592 F.Supp. 1293 (E.D.N.Y.1984); and *Yanik v. Nielsen Freight Lines, Inc.,* 115 LRRM 3295 (N.D.Cal.1983).

*DelCostello* involved two consolidated cases with similar facts. In each case, employees brought grievances against their employers to their unions, which represented the employees through a contractually agreed-upon grievance procedure. Failing to get satisfaction from the collective-bargaining agreement grievance procedures, the employees brought suits against both the employers and the unions alleging that the employers violated the collective-bargaining agreements, and that the unions breached their implied duty of fair representation.

The Court's opinion began by noting that in cases where Congress did not provide an explicit limitation period for a federal cause of action, or did not indicate its intent in the legislative history, "We have generally concluded that Congress intended that the courts apply the most closely analogous statute of limitations under state law." *DelCostello, supra,* 462 U.S. at 158, 103 S.Ct. at 2287 (footnote omitted). The Court stated the exception to that general rule, from which the entire *DelCostello* opinion proceeded, at 462 U.S. 161, 103 S.Ct. 2289:

In some circumstances, however, state statutes of limitations can be unsatisfactory vehicles for the enforcement of federal law. In those instances, it may be inappropriate to conclude that Congress would choose to adopt state rules at odds with the purpose or operation of federal substantive law.

The Court then defined the crucial policy considerations behind the *DelCostello* ruling as it distinguished its holding in *Auto Workers v. Hoosier Cardinal Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). In *Hoosier,* a union sued an employer for breach of a collective-bargaining agreement under 29 U.S.C. § 185. The collective-bargaining agreement did not involve any agreement to submit disputes to arbitration. Resisting the suggestion to establish a uniform federal period of limitations for such lawsuits, the Court applied Indiana's six-year period for actions on unwritten contracts. Explaining the *Hoosier* decision, the *DelCostello* Court said:

we reasoned that national uniformity is of less importance when the case does not involve "those consensual processes that federal labor law is chiefly designed to promote—the formation of the collective bargaining agreement and the private settlement of disputes under it," [*Hoosier, supra,*] 383 U.S. at 702 [86 S.Ct. at 1111]. We also relied heavily on the obvious and close analogy between this variety of § 301 suit and an ordinary breach-of-contract case.

*DelCostello, supra,* 462 U.S. at 162–163, 103 S.Ct. at 2289.

Applying those two factors to the facts in *DelCostello,* the Court noted that the plaintiffs there sought to challenge the private settlement of a dispute under procedures created by a collective-bargaining agreement. Quoting its decision in *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, at 63–64, 101 S.Ct. 1559, at 1564–1565, 67 L.Ed.2d 732 (1981), the Court said " 'the grievance machinery under a collective-bargaining agreement is at the very heart of the system of industrial self-government,' " 462 U.S. at 168, 103 S.Ct. at 2292.

> [T]he grievance and arbitration procedure often processes disputes involving interpretation of critical terms in the collective-bargaining agreement affecting the entire relationship between company and union.... This system, with its heavy emphasis on grievance, arbitration, and the "law of the shop," could easily become unworkable if a decision which has given "meaning and content" to the terms of an agreement, and even affected subsequent modifications of the agreement, could suddenly be called into question as much as [three] years later.

*DelCostello, supra,* 462 U.S. at 169, 103 S.Ct. at 2293.

The Court held that analogies to state actions for the vacation of arbitration awards or legal malpractice were poor analogies to 29 U.S.C. § 185 "hybrid" suits because of the interrelationship of the claims against the employer and the union, and for several other reasons not relevant here. But the Court found a workable analogy between "hybrid" suits and complaints of unfair labor practices brought under 29 U.S.C. § 160(b), especially between the "hybrid" claim against the union for breach of the duty of fair representation and a claim against a union for unfair labor practices: "duty of fair representation claims are allegations of unfair, arbitrary, or discriminatory treatment of workers by unions—as are virtually all unfair labor practice charges made by workers against unions. Similarly, it may be the

case that alleged violations of an employer of a collective-bargaining agreement will also amount to unfair labor practices." 462 U.S. at 170, 103 S.Ct. at 2293–2294.

The Court noted that the policy considerations underlying Congress' choice of a six-month limitations period for § 160(b) complaints also applied to hybrid suits under § 185. Because of the emphasis this section of the *DelCostello* opinion has received in subsequent decisions, it is appropriate to quote the Court's analysis at length:

> "In § 10(b) of the NLRA, Congress established a limitations period attuned to what it viewed as the proper balance between the national interests in stable bargaining relationships and finality of private settlements, and an employee's interest in setting aside what he views as an unjust settlement under the collective-bargaining system. That is precisely the balance at issue in this case. The employee's interest in setting aside the 'final and binding' determination of a grievance through the method established by the collective-bargaining agreement unquestionably implicates 'those consensual processes that federal labor law is chiefly designed to promote—the formation of the ... agreement and the private settlement of disputes under it.' *Hoosier,* 383 U.S. at 702 [86 S.Ct. at 1111]. Accordingly, '[t]he need for uniformity' among procedures followed for similar claims, *ibid.,* as well as the clear congressional indication of the proper balance between the interests at stake, counsels the adoption of § 10(b) of the NLRA as the appropriate limitations period for lawsuits such as this."

*DelCostello, supra,* 462 U.S. at 171, 103 S.Ct. at 2294, quoting *Mitchell, supra,* 451 U.S. at 70–71, 101 S.Ct. at 1567–1568 (Stewart, J., concurring in judgment).

As defendants have pointed out, three Circuit Courts of Appeals have applied § 160(b)'s six-month limitations period to suits under the LMRDA in the wake of *DelCostello.* The First Circuit did so in a suit that combined a breach of duty of fair representation claims with a § 412 claim

under the LMRDA. *Linder v. Berge,* 739 F.2d 686 (1st Cir.1984). Plaintiffs in that case were railway workers, and brought their fair representation claim under the Railway Labor Act, 45 U.S.C. § 151 *et seq.* The *Linder* opinion spent most of its time finding that the reasoning of *DelCostello* on fair representation claims under § 185 applied with equal force to the Railway Labor Act.

The Court dealt with plaintiffs' rather trivial LMRDA claims at the end of the opinion. Plaintiffs claimed that the union had violated § 414 of the LMRDA by failing to give them copies of the collective-bargaining agreement. Section 414 provides for enforcement through § 440, which authorized the Secretary of Labor to bring a civil suit to enforce the rights of union members. Adding to the difficulties of interpretation, plaintiffs were former members of the union suing for damages. Avoiding the thorny problem of whether § 440 precluded a § 412 suit by former union members, the First Circuit wrote: "We have no need to decide whether such an action is appropriate, for we believe that, in the circumstances of this case, any such action should be governed by the same statute of limitations as governs the unfair representation claim." *Id.* at 690. The First Circuit never explained its reasoning; this Court can only guess as to which circumstances of the case it was referring to.

In a *Per Curiam* opinion by a panel that included former Chief Judge Clement F. Haynsworth, Jr. of the Fourth Circuit, the Seventh Circuit reached the same result with a fuller explanation. *Vallone v. Teamster Local 705,* 755 F.2d 520, 118 LRRM 2546 (7th Cir.1984). In *Vallone,* plaintiffs brought a duty of fair representation claim against their union locals under 29 U.S.C. § 185, and also alleged that the locals deprived them of their rights to free speech, assembly, due process, and an equal vote in union affairs in violation of the LMRDA. The Seventh Circuit held that the reasoning of *DelCostello* applied with equal force to LMRDA claims, and

ruled that the six-month limitations period applied to the LMRDA claims.

The Seventh Circuit identified three factors that explained the result in *DelCostello:*

> because of the strong federal policy favoring uniformity of labor laws and the "rapid final resolution of labor disputes," and because in Section 10(b) "Congress established a limitations period attuned to what it viewed as the proper balance between the national interest in stable bargaining relationships and finality of private settlements, and an employee's in setting aside what he views as an unjust settlement under the collective-bargaining system."

*Vallone, supra,* 755 F.2d 520, 118 LRRM at 2547.

The context of *DelCostello* was important to all three of the factors mentioned by the Seventh Circuit, however, and LMRDA claims differ from *DelCostello* "hybrid" suits in one crucial respect— LMRDA claims enforce only a union member's rights against her union. They do not involve a challenge to the outcome of a dispute between the employer and the union (acting as the representative of an employee) that has already been resolved by procedures established in a collective-bargaining agreement.

So, for example, the Court in *DelCostello* wrote "national uniformity is of less importance when the case does not involve 'those consensual processes that federal labor law is chiefly designed to promote—the formation of the collective agreement and the private settlement of disputes under it.'" *DelCostello, supra,* 462 U.S. at 162–163, 103 S.Ct. at 2289–2290, quoting *Hoosier, supra,* 383 U.S. at 702, 86 S.Ct. at 1111. And the quote about federal policy favoring the speedy resolution of labor disputes was also referring to disputes already processed by grievance and arbitration procedures. *See DelCostello,* 462 U.S. at 168–169, 103 S.Ct. at 2292–2293.

Finally, the Seventh Circuit quoted only the first sentence of Justice Stewart's concurring opinion in *Mitchell* about the bal-

ance of policy considerations that Congress had drawn when it established a six-month limitations period for § 160(b) suits. The *DelCostello* Court quoted Justice Stewart's next three sentences as well (see page 5 above), and those sentences make it clear that Justice Stewart and the *DelCostello* Court were contemplating the balance of policy considerations in a lawsuit challenging the outcome of a grievance *already processed according to a collective-bargaining agreement. DelCostello, supra,* 462 U.S. at 171, 103 S.Ct. at 2294.

The policy considerations to weigh in establishing a limitations period for an LMRDA suit are somewhat different. The LMRDA is a union member's "Bill of Rights" protecting her from arbitrary action by a union bureaucracy. The importance of those rights in our legal system should lead us to give union members every opportunity to vindicate those rights, instead of searching out a short period of limitations that has the effect of time-barring meritorious claims.

The Third Circuit disagreed with any such distinction between LMRDA claims and § 160(b) unfair labor practice claims, writing that they bear a "family resemblance:"

> Both section 8(b)(1) of the NLRD and section 102 [of the LMRDA] are addressed to the same basic concern: the protection of individual members from arbitrary action by unions, which have been appointed the exclusive representatives of such individuals in the workplace. . . . In our scheme of labor relations, a union has but one function: the representation of individual workers in collective bargaining with their employer. Whether an individual's dispute with his union concerns an "internal" matter, such as the freedom to speak against union leadership, or an "external" matter, such as the processing of grievances, every dispute implicates the responsibility that a union has for the economic welfare of its members. . . . [R]apid resolution of internal union disputes is necessary to maintain the federal goal of

stable bargaining relationships, for dissension within a union naturally affects that union's activities and effectiveness in the collective bargaining arena.

*Local Union 1397 v. United Steelworkers,* 748 F.2d 180, 183–184 (3rd Cir.1984). The Third Circuit also applied a six-month period of limitations to LMRDA claims.

This Court simply cannot accept the Third Circuit's depressing and one-dimensional view of the function of unions in our society. Besides advancing the economic interests of their members, unions offer employees an opportunity to participate in decisions that affect the quality of their working lives. Participation has an independent value of its own; the LMRDA protects rights of participation.

■ Federal labor law should not be procedurally determined to resolve LMRDA claims quickly in a vain attempt to protect unions from diversity. Congress had precisely the opposite intent in mind when it wrote the LMRDA. It is true that LMRDA claims divert the resources of a union, thereby subtracting from its "effectiveness in the collective bargaining arena." But LMRDA claims rarely affect the viability of a union as a bargaining unit. Section 412 suits cannot overturn the results of union certification elections, nor overturn the elections of union officials.

Defendants emphasize the "family resemblance" argument advanced by the Third Circuit, suggesting that plaintiff's claims in this case "arguably" involve violations of 29 U.S.C. § 158(b)(1)(A) or (b)(2), sections of the code defining unfair labor practices. The two district court opinions applying a six-month limitations period after *DelCostello* also emphasized the "family resemblance" argument. *McConnell v. Chauffeurs, Teamsters, and Helpers Local 445,* 606 F.Supp. 460, 463–464 (S.D.N.Y. 1985); *Turco v. Local Lodge 5 Int. Brotherhood of Boilermakers,* 592 F.Supp. 1293, 1294, n. 1 (E.D.N.Y.1984). The argument proceeds from one paragraph of the *DelCostello* opinion: "Even if not all breaches of the duty of fair representation are unfair labor practices, however, the family

resemblance is undeniable, and indeed there is a substantial overlap.... [D]uty of fair representation claims are allegations of unfair, arbitrary, or discriminatory treatment of workers by unions—as are virtually all unfair labor practice charges made by workers against unions." 462 U.S. at 170, 103 S.Ct. at 2293.

That section of the opinion was merely one prong of the second factor stressed by the *DelCostello* Court in reaching its result. The most important factor in the *DelCostello* opinion, given the general rule of borrowing state limitations periods unless the state periods would interfere with federal policy, was the Court's determination that the policy considerations underlying the Congressional choice of a six-month period for § 160(b) claims also applied to § 185 hybrid suits. The second factor was the analogy between unfair labor practice claims and § 185 hybrid suits *challenging the outcome of grievance procedures established under a collective-bargaining agreement.*

There were two prongs to this second factor. First, the Court found that analogies between state actions for legal malpractice or to vacate arbitration awards were inapposite. Second, the Court found a "family resemblance" between unfair labor practice complaints and hybrid § 185 suits. *See* discussion above at pp. 175–176. Thus, the "family resemblance" argument unduly emphasizes one part of the *DelCostello* opinion, ignoring its relationship to the other factors behind the Court's decision and its relationship to the facts of the case.

This Court has already expressed its belief that the policy considerations underlying a choice of a limitations period for § 185 hybrid suits and § 160(b) unfair labor practice complaints are different than the considerations applying to LMRDA claims. And in this case, there is an excellent analogy to a state law cause of action. Plaintiff claims that he relied to his detriment upon a representation made by a representative of the defendant, a representation that defendant's representative knew

he would rely on and intended him to rely on. Plaintiff has advanced a simple claim of promissory estoppel. Maryland's three year statute of limitations for contract actions, Md.Cts. & Jud.Proc.Code Ann. § 5–101, thus provides an excellent analogy to the facts of this case. There is thus an "obvious state-law choice for application to a given federal cause of action...." *DelCostello, supra,* 462 U.S. at 171, 103 S.Ct. at 2294.

It is true that plaintiff's claims might also be characterized as an "unfair labor practice." But here defendant's "family resemblance" argument proves too much; virtually all LMRDA claims and § 185 claims against unions could be characterized the same way. Applying defendant's argument to its logical extreme, defendant is arguing that the "family resemblance" language in *DelCostello* supports a uniform six-month limitations period for all lawsuits against unions by their members.

*DelCostello* simply does not support such a proposition. In fact, at the conclusion of the *DelCostello* opinion, the Supreme Court expressly rejected any such uniform application of its reasoning, and counseled federal courts to continue using a flexible approach:

We stress that our holding today should not be taken as a departure from prior practice in borrowing limitations periods for federal causes of action, in labor law or elsewhere. We do not mean to suggest that federal courts should eschew use of state limitations periods anytime state law fails to provide a perfect analogy. On the contrary, as the courts have often discovered, there is not always an obvious state-law choice for application to a given federal cause of action; yet resort to state law remains the norm for borrowing of limitations periods.

462 U.S. at 171, 103 S.Ct. at 2294.

■ This Court holds that Maryland's three-year statute of limitations for contract actions applies to this case, and that plaintiff's suit was timely filed.

■ Defendant also argues that the doctrine of preemption gives the National Labor Relations Board exclusive jurisdiction over this suit, citing *Garner, Central Storage & Transfer Co. v. Teamsters Local 776*, 346 U.S. 485, 74 S.Ct. 161, 98 L.Ed. 228 (1953). The Supreme Court has held that preemption does not apply when the suit does not involve issues within the special competence of the NLRB. This is such a case. The resolution of this dispute in no way implicates national labor policy. And it does not raise questions beyond "the conventional experience of judges." *Boilermakers v. Hardeman*, 401 U.S. 233, 238–239, 91 S.Ct. 609, 613–614, 28 L.Ed.2d 10 (1971).

Defendant tries to distinguish *Hardeman* by arguing that plaintiff has not advanced a cognizable claim under the LMRDA, and that therefore plaintiff's claim falls under the exclusive jurisdiction of the NLRB or it doesn't exist. Plaintiff filed suit alleging a violation of 29 U.S.C. § 411(a)(5), which reads:

> No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined *except for nonpayment of dues* by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing. (Emphasis added).

Defendant argues that plaintiff was expelled for nonpayment of dues. Because the Court holds that live issues of fact remain as to whether federal jurisdiction exists, *see Howard v. United Association for Journeymen and Apprentices*, 560 F.2d 17 (1st Cir.1977), and as to whether defendant is equitably estopped from challenging jurisdiction on the nonpayment of dues exception, the Court holds that defendant's preemption argument fails as well.

Accordingly, defendant's motion to dismiss is DENIED.

## ON MOTION FOR RECONSIDERATION

■ The defendant has moved for reconsideration of an Opinion issued October 31, 1985. After the parties briefed the relevant issue, two circuit courts of appeals applied Section 10(b)'s six-month limitation period to LMRDA claims. *Davis v. Automobile Workers*, 765 F.2d 1510 (11th Cir. 1985); *Adkins v. Electrical Workers*, 769 F.2d 330 (6th Cir.1985).

The Sixth Circuit case involved a hybrid claim similar to *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Unlike *DelCostello*, however, the claims against the unions in *Adkins* did not involve the resolution of individual employee grievances pursuant to procedures established by a collective bargaining agreement. In *Adkins*, a class of employees filed suit against a series of union bargaining units, alleging that the unions had breached their duty of fair representation by discriminating against the plaintiff class during the negotiations of labor contracts. Plaintiffs argued that *DelCostello* applied only to employee grievance claims and the Court held that *DelCostello*'s choice of the six-month limitations period applied to all unfair representation claims. 769 F.2d at 335.

Clearly the unfair representation claims in *Adkins* implicated the finality of collective bargaining agreements already in place. Thus, the policy underpinning of *DelCostello*—a desire to rapidly resolve labor disputes which threaten the finality of collective bargaining agreements—applied with full force. The October Opinion explained that this case is different from those hybrid suits because it does not implicate the federal policy concerns articulated in *DelCostello*, and because there is a closely analogous state period of limitations available.

The Eleventh Circuit case, *Davis v. Automobile Workers, supra,* is directly on point. There the Court applied a six-month limitations period to bar an individual union member's suit alleging that his statutorily created free speech rights within the union had been violated. The Court noted:

an action alleging a violation of 29 U.S.C. § 411 is brought only against the union; the employer is not involved. Therefore, the national interests in stable labor-management bargaining relationships and the speedy, final resolution of disputes under a collective bargaining agreement are not implicated. Accordingly, the need for national uniformity in the application of limitation periods to such an action is not as great. Furthermore, a union member's interest in protection against the infringement of his rights of free speech rises to a national interest, as embodied in Section 101(a)(2) of the LMRDA, 29 U.S.C. § 411(a)(2), and thus seems of greater importance than an employee's interest in setting aside an individual settlement under a collective bargaining agreement.

765 F.2d at 1514 (citations and footnote omitted).

In a footnote the Court rejected the Third Circuit's argument that "dissension within a union naturally affects the union's activities and effectiveness in the collective bargaining arena." *Local Union 1397, supra,* 748 F.2d at 184. The Eleventh Circuit wrote that the Third Circuit's argument "appears rather tenuous in the situation of a single dispute between an individual union member and the union." *Davis v. Automobile Workers, supra,* 765 F.2d at 1514, n. 11.

Although recognizing the strong policy arguments against applying a six-month limitations period to LMRDA union "bill of rights" cases, the Eleventh Circuit was "constrained by the rationale of *DelCostello* and the holdings of our sister circuits," and applied the six-month period anyway. This Court has explained the reasons the *DelCostello* opinion does not support the broad reading and sweeping application given it by other federal courts.

The sheer number of cases applying Section 10(b)'s six-month limitation period to LMRDA suits indicates that such a brief time has the practical effect of barring many potentially meritorious claims. Until the Supreme Court or the Fourth Circuit provide clear instructions to depart from the general rule of applying analogous state limitations periods to LMRDA claims, this Court will hold to its reading of *Del-Costello*. Defendant's motion to reconsider is denied.

In the alternative, defendant has moved for certification pursuant to 28 U.S.C. § 1292(b). That statutory provision allows an appeal from an interlocutory order if the District Court is of the opinion that

such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation....

Defendant has correctly outlined the virtually unanimous trend applying a six-month limitations period to LMRDA claims. There is thus substantial ground for difference of opinion with the Court's order. The resolution of the limitations question is a potentially dispositive issue. An immediate appeal could advance the ultimate termination of the litigation. Defendant's motion for certification will be granted.