**Carl GORDON, Daniel Healy, Rod Boyes and Michael Warfield, Plaintiffs,**

v.

**William WINPISINGER, Individually and as International President of International Association of Machinists and Aerospace Workers, and International Association of Machinists and Aerospace Workers, Defendants.**

No. 82 CV 0529.

United States District Court, E.D. New York.

March 27, 1986.

Burton H. Hall, Hall & Sloan, New York City, for plaintiffs.

Daniel Engelstein, Vladeck, Waldman, Elias & Engelhard, New York City, for defendants.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

In a Memorandum and Order dated January 27, 1984, this Court held, *inter alia,* that plaintiffs' first claim ("the LMRDA claim") is governed by the three-year limitations period set forth in N.Y.C.P.L.R. § 214(2). *See Gordon v. Winpisinger,* 581

F.Supp. 234, 238 (E.D.N.Y.1984). Defendants move for reconsideration of that ruling, in light of a number of recent decisions holding, as defendants have urged, that the claim is governed by the six-month limitations period borrowed from § 10(b) of the National Labor Relations Act. For the reasons set forth below, the motion is granted.

### Background

Plaintiffs are present or retired members of the defendant International Association of Machinists and Aerospace Workers ("IA-MAW"). Plaintiffs were disciplined by the union for their participation in the publication and distribution of a newsletter throughout the Trans World Airlines system.

In this suit, plaintiffs seek injunctive relief and damages on three claims. Plaintiffs' first claim charges that defendants have infringed plaintiffs' rights to free speech, in violation of § 101(a)(2) of the Labor-Management Reporting and Disclosure Act ("LMRDA"). 29 U.S.C. § 411(a)(2). *See also* 29 U.S.C. §§ 412, 529. Plaintiffs' remaining claims rest on § 301(a) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), which gives the Court jurisdiction to hear cases involving labor contract disputes. Plaintiffs allege that the union constitution is a contract which defendants violated by disciplining plaintiffs for reasons not authorized in the constitution, and by failing to act on the plaintiffs' charges against certain IAMAW officials.[1]

### Discussion

The LMRDA contains no statute of limitations. Accordingly, federal courts entertaining such suits must borrow the most appropriate limitations period from some other source—federal or state. *See Del-Costello v. Teamsters,* 462 U.S. 151, 158–61, 103 S.Ct. 2281, 2287–89, 76 L.Ed.2d 476 (1983).

In *DelCostello* an employee brought a so-called "hybrid" claim: he sued his *em-ployer* for breach of a collective bargaining agreement and his *union* for breach of its duty of fair representation. The *DelCostello* Court held that the six-month statute of limitations provided by section 10(b) of the NLRA governs the claims against both the employer and the union. *Id.* at 169, 103 S.Ct. at 2292.

In its January 27, 1984 Order, this Court distinguished *DelCostello,* noting that this case involves only claims against the union—not the employer. Thus, the Court held that plaintiffs' LMRDA claim is governed not by § 10(b) of the NLRA, but by N.Y.C.P.L.R. § 214(2), which applies a three-year limitations period to actions based upon a "liability, penalty or forfeiture created or imposed by statute."

Since this Court's decision, however, several circuits have held that an LMRDA claim (alleging that a union has retaliated against an employee for exercising his statutory right of free speech) is governed by the six-months limitations period borrowed from § 10(b) of the NLRA. *See, e.g., Davis v. United Automobile, Aerospace and Agriculture Implement Workers of America,* 765 F.2d 1510, 1512 (11th Cir.1985); *Vallone v. Local Union No. 705,* 755 F.2d 520, 521–22 (7th Cir.1984); *Local Union 1397 v. United Steelworkers of America,* 748 F.2d 180, 184 (3d Cir.1984). *Cf. Linder v. Berge,* 739 F.2d 686, 690 (1st Cir.1984). Moreover, several courts in this Circuit have applied the shorter limitations period under similar circumstances. *See Legutko v. Local 816, International Brotherhood of Teamsters,* 606 F.Supp. 352, 355 (E.D.N.Y.1985); *McConnell v. Chauffeurs, Teamsters and Helpers Local 445,* 606 F.Supp. 460 (S.D.N.Y.1985); *Turco v. Local Lodge 5, Int'l Brotherhood of Boilermakers,* 592 F.Supp. 1293, 1294 (E.D.N.Y.1984).

Finally, and most significantly, several of these LMRDA cases were recently cited with approval in the Second Circuit's opinion in *Robinson v. Pan American World Airways, Inc.,* 777 F.2d 84, 89 (2d Cir.1985)

---

1. In its January 27, 1984 Order, this Court held that plaintiffs' LMRA claims are governed by the six-year limitations period applicable to actions based upon a contractual obligation or liability. *Gordon, supra,* 581 F.Supp. at 238. Hence, these claims are timely.

(six month limitations period applies to retaliation claim under Railway Labor Act). Indeed, in rejecting the longer state statute of limitations in that case, the Second Circuit noted:

> Where an industry is national rather than local and there is a particular federal interest in speedy, orderly resolution of disputes, the application of conflicting state time periods interferes with the goal of the legislation and is inappropriate.

*Id.* at 88.

Thus, inasmuch as it appears that the Second Circuit will follow what has now become the majority view that LMRDA claims based upon retaliatory conduct are governed by the six-month federal limitations period, defendants' motion for reconsideration of the Court's Order is granted. Plaintiffs' LMRDA claims are dismissed as time-barred.

In all other respects, this Court's January 27, 1984 Order remains in effect. The parties are directed to submit a revised pre-trial order by April 18, 1986. Upon receipt of the parties' revised submissions, a final settlement conference will be scheduled.

SO ORDERED.