**Alonzo LINDER, et al., Plaintiffs, Appellants,**

v.

**Ole M. BERGE, et al., Defendants, Appellees.**

**No. 83–1938.**

United States Court of Appeals, First Circuit.

Argued June 4, 1984.

Decided July 27, 1984.

Robert W. Smith, Providence, R.I., with whom Gunning, LaFazia & Gnys, Inc., Providence, R.I., was on brief, for appellants.

Joanna L. Moorhead, Washington, D.C., with whom Harold R. Henderson, Jr., Washington, D.C., William Shaw McDermott, and McDermott & Rizzo, Boston, Mass., were on brief, for appellee Nat. Railroad Passenger Corp.

Louis P. Malone III, with whom Clinton J. Miller, III, and Highsaw & Mahoney, P.C., Washington, D.C., were on brief, for Ole M. Berge, et al.

Before COFFIN and BREYER, Circuit Judges, and DOYLE,* Senior District Judge.

COFFIN, Circuit Judge.

The National Railroad Passenger Corporation (Amtrak) hired appellants in the summer of 1976 to do carpentry work at Union Station in Providence, Rhode Island. Appellants worked in a union shop governed by a collective bargaining agreement between Amtrak and the Brotherhood of Maintenance of Way Employees (the union). Appellants' jobs were discontinued at various times between October and December 1976. The restoration of Union Station recommenced in May 1977, but appellants were not rehired.

On December 30, 1982, appellants filed suit under the Railway Labor Act, 45 U.S.C. § 151 *et seq.*, against Amtrak and a number of union officials. They alleged that Amtrak breached the collective bargaining agreement by failing to pay them the appropriate wages and by hiring less senior workers instead of rehiring them when it recommenced the restoration of Union Station. Appellants alleged that the union defendants had breached their duty of fair representation by refusing to pursue appellants' grievance against Amtrak.[1]

* Of the Western District of Wisconsin sitting by designation.

1. Appellants did not take their grievance before the National Railroad Adjustment Board, which is empowered to resolve Railway Labor Act

In addition, appellants alleged that the union had violated the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 401 *et seq.* (LMRDA), by failing to provide them with a copy of the collective bargaining agreement.

█ In two separate opinions, the district court found that the statute of limitations had run against appellants' Railway Labor Act claim involving the union, *Linder v. Berge,* 567 F.Supp. 913 (D.R.I.1983) (*Linder I*), and against their claim involving Amtrak, *Linder v. Berge,* 577 F.Supp. 279 (D.R.I.1983) (*Linder II*). The court adopted the reasoning of a recent Supreme Court decision in which the Court applied a six-month statute of limitations to similar claims against union and employer brought under the National Labor Relations Act, 29 U.S.C. § 151 *et seq.,* and under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. *See DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The district court also found that appellants lacked standing to pursue their claim under the LMRDA. We affirm.

The plaintiffs in *DelCostello* alleged that their employers had breached § 301 of the Labor Management Relations Act by violating a collective bargaining agreement, and that their unions had breached the duty of fair representation implied under the National Labor Relations Act by failing properly to handle their grievances against the employers. Neither Act provided a limitations period applicable to these claims. The Supreme Court had in the past adopted the practice of borrowing appropriate state statutes of limitation for § 301 claims against an employer. *See United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981) (adopting a state statute of limitations applicable to appeals from arbitral awards); *United Auto Workers v. Hoosier Corp.,* 383 U.S.

696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966) (adopting a state statute of limitations applicable to breach of contract actions). In *DelCostello,* however, the Court decided that borrowing state statutes of limitation was not appropriate in the context of hybrid § 301/unfair representation claims. It held that these claims should be subject to the six-month limitations period provided in § 10(b) of the National Labor Relations Act. *DelCostello,* 462 U.S. at ___, 103 S.Ct. at 2289.

The Court gave several reasons for refusing to apply state statutes of limitation to § 301/unfair representation claims. It noted that the claims against the employer and the union were "inextricably interdependent," since the plaintiff must show that both breached their duty in order to prevail against either. *DelCostello,* 462 U.S. at ———, 103 S.Ct. at 2290. It observed that such claims had no close analogy in state law, and that the state limitations periods proposed by the parties were either too short "to provide an aggrieved employee with a satisfactory opportunity to vindicate his rights" or too long to promote "the relatively rapid final resolution of labor disputes favored by federal law." *Id.* at ——–———, 103 S.Ct. at 2291–92. The Court found a closer analogy to the § 301/unfair representation claims in § 10(b) of the National Labor Relations Act, which governs the bringing of an unfair labor practices charge before the National Labor Relations Board. In addition, it found that the six-month limitation period in § 10(b) struck the proper balance among competing interests:

"In § 10(b) of the NLRA, Congress established a limitations period attuned to what it viewed as the proper balance between the national interests in stable bargaining relationships and finality of private settlements, and an employee's interest in setting aside what he views as

---

disputes arising under collective bargaining agreements. 45 U.S.C. § 153 First. Instead, they cited the Board's summary dismissal of a suit brought by one Thomas Harkins, a former Amtrak employee with a complaint similar to their own, as evidence that it would have been

futile for them to have filed a claim with the Board. *See Sisco v. Consolidated Rail Corp.,* 732 F.2d 1188, 1190 (3d Cir.1984) (exhaustion is not required where resort to administrative remedies would be futile.)

an unjust settlement under the collective-bargaining system. That is precisely the balance at issue in this case .... Accordingly, '[t]he need for uniformity' among procedures followed for similar claims, [*Hoosier,* 383 U.S. at 702, 86 S.Ct. at 1111], as well as the clear congressional indication of the proper balance between the interests at stake, counsels the adoption of § 10(b) of the NLRA as the appropriate limitations period for lawsuits such as this." *Id.* at ——, 103 S.Ct. at 2294 (quoting Justice Stewart's opinion concurring in the judgment in *Mitchell,* 451 U.S. at 70–71, 101 S.Ct. at 1568).

We believe that the Court's reasoning in *DelCostello* is applicable to the case before us. Although the Court was careful to note that *DelCostello* "should not be taken as a departure from prior practice in borrowing limitations periods for federal causes of action, in labor law or elsewhere," 462 U.S. at ——, 103 S.Ct. at 2294, we can think of no justification for continuing to apply state statutes of limitation to collective bargaining/unfair representation suits under the Railway Labor Act when the Court has found such "borrowing" inappropriate for suits of this sort under the Labor Management Relations Act and the National Labor Relations Act. As the Second Circuit recently noted, "The same policies which led the Supreme Court to apply a federal statute of limitations to claims under § 301 of the Labor Management Relations Act apply with equal force to substantively identical claims under the Railway Labor Act." [2] *Welyczko v. U.S. Air, Inc.,* 733 F.2d 239, 240 (2d Cir.1984); *see also Sisco v. Consolidated Rail Corp.,* 732 F.2d

at 1193 (*DelCostello* applies to unfair representation claims under the Railway Labor Act); *Linder I,* 567 F.Supp. at 916–17 (discussing the similarity between unfair representation claims under the National Labor Relations Act and the Railway Labor Act). The district court correctly found that appellants' claims should be governed by a uniform federal statute of limitations.

■ The question remains which federal statute of limitations should apply to this action. There are two candidates: the six-month limitations period in § 10(b) of the National Labor Relations Act (the limitations period applied in *DelCostello*), and the two-year period provided in the Railway Labor Act for suits challenging the decisions of the National Railroad Adjustment Board. 45 U.S.C. § 153 First (r). Two circuit courts faced with this question have chosen the six-month limitations period adopted in *DelCostello*. *Welyczko v. U.S. Air, Inc.,* 733 F.2d at 241; *Sisco v. Consolidated Rail Corp.,* 732 F.2d at 1193. In the case now before us, the district court noted that, "given the trackside context of the dispute," the two-year limitations period for suits challenging decisions of the National Railroad Adjustment Board might be more appropriate. The court concluded, however, that "since both the half-year and the two year period elapsed long before the instant action was initiated," it had no need to choose between these two limitations periods. *Linder II,* 577 F.Supp. at 282 n. 3. For the same reason, we decline to choose between them now. Under either of the limitations periods that arguably are applicable to this action, the action is time-barred.[3]

---

**2.** Appellants have attempted to distinguish their action from *DelCostello* by noting that the unfair representation claims in *DelCostello* arose out of the unions' allegedly inadequate representation of their employees at grievance proceedings, while appellants here did not pursue arbitration of their grievance. *See* note 1, *supra.* We do not see that it makes any difference whether an unfair representation claim arises out of a union's failure to take any action at all on a grievance or its failure to achieve the desired result at an arbitration proceeding. *See DelCostello,* 462 U.S. at —— n. 16, 103 S.Ct. at 2291 n. 16 ("[T]he union's breach of duty may

consist of a wrongful failure to pursue a grievance to arbitration ...."); *Sisco v. Consolidated Rail Corp.,* 732 F.2d at 1193 (applying *DelCostello* to an unfair representation claim in which it was alleged that the union had failed to bring a grievance before the National Railroad Adjustment Board).

**3.** Appellants claim that defendants fraudulently concealed their cause of action by withholding copies of the collective bargaining agreement, and that in consequence the federal equitable tolling doctrine should preclude the defendants' limitations defense. Because appellants did not

We turn now to appellants' argument that the union defendants violated the LMRDA by refusing to give them copies of the collective bargaining agreement.[4] The district court found that the appellants did not allege that they were employees or union members at the time they demanded copies of the collective bargaining agreement, and that they consequently lacked standing to pursue this claim under the LMRDA. *Linder I*, 567 F.Supp. at 917. Although we find that appellants did allege union membership with sufficient specificity, we believe that the district court's conclusion that appellants could not pursue this claim was correct for a different reason.

The LMRDA provides that a union officer shall "forward a copy of each collective bargaining agreement ... to any employee who requests such a copy and whose rights as such employee are directly affected by such agreement." 29 U.S.C. § 414. Section 414 provides for enforcement according to the provisions of 29 U.S.C. § 440; § 440, in turn, states:

> "Whenever it shall appear that any person has violated or is about to violate any of the provisions of this subchapter, the Secretary may bring a civil action for such relief (including injunctions) as may be appropriate." 29 U.S.C. § 440.

Subchapter II of the LMRDA, in which § 414 is found, also provides a civil right of action by "[a]ny person whose rights ... have been infringed by any violation of this subchapter." 29 U.S.C. § 412. One court has held that § 440 is not the exclusive remedy for violations of § 414, and that a private right of action under § 412 may be brought to require the union to supply current members with copies of the collective

bargaining agreement. *Forline v. Helpers Local No. 42*, 211 F.Supp. 315, 319–20 (E.D. Pa.1962). Appellants have cited no authority, nor are we aware of any, empowering a *former* member of a union to bring a private action for damages against a union that has failed to comply with § 414 of the LMRDA. We have no need to decide whether such an action is appropriate, for we believe that, in the circumstances of this case, any such action should be governed by the same statute of limitations as governs the unfair representation claim.

We have considered appellants' remaining claims and find them to be without merit.

*The judgment of the district court is affirmed.*

---

raise this issue before the district court, we decline to reach it here. *See Johnson v. Holiday Inns, Inc.*, 595 F.2d 890, 894 (1st Cir.1979). Appellants also argue that even if the holding in *DelCostello* is properly applied to suits brought under the Railway Labor Act, it should not be applied retroactively to this action, which was filed before the Court handed down its decision in *DelCostello*. We have recently held that the *DelCostello* ruling applies retroactively to suits under the National Labor Relations Act, *Graves*

*v. Smith's Transfer Corp.*, 736 F.2d 819 (1st Cir.1984), and we now extend that ruling to suits brought under the Railway Labor Act.

4. Appellants alleged in their complaint that the union also violated the LMRDA by refusing to call union meetings at appellants' request. Appellants have not pursued this claim in their argument on appeal, so we do not address it here.