**Albert J. BLAKE, Plaintiff,**

v.

**Louis M. BERMAN and Michael V. Fair, Defendants.**

Civ. A. No. 82–3631.

United States District Court,
D. Massachusetts.

Dec. 11, 1984.

Robert Canty, Gaston Snow & Ely Bartlett, Boston, Mass., for plaintiff.

William D. Luzier, Jr., Asst. Atty. Gen., Boston, Mass., for defendant Michael V. Fair.

### MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought pursuant to 42 U.S.C. §§ 1983 and 1985 by plaintiff Albert J. Blake, a Massachusetts state prisoner, against Louis M. Berman and Michael V. Fair, the former and present Commissioners of the Massachusetts Department of Corrections. Plaintiff alleges that defendants have deprived him of his constitutional right of access to the courts by transferring him from the Massachusetts prison system to a federal penitentiary which has no Massachusetts legal materials in its law library, and by failing to fulfill his written requests for certain state law books.

The matter is now before the Court on defendants' motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). In support of this motion, defendants allege that plaintiff's complaint fails to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6), that plaintiff's claims for injunctive and declaratory relief are moot, and that his claim for monetary dam-

ages is barred by defendants' qualified immunity.

In considering defendants' motion for judgment on the pleadings, the Court must take all factual allegations of the complaint as true, and should grant defendants' motion only if defendants are clearly entitled to judgment on the basis of the facts as plaintiff has presented them. *Armano v. Federal Reserve Bank of Boston,* 468 F.Supp. 674 (D.Mass.1979). For the purposes of this motion, defendants may not rely on material contained only in the answer, such as affirmative defenses, additional facts, or representations which contradict the allegations of the complaint, because all such matter is deemed to be denied by the plaintiff. Fed.R.Civ.P. 7(a), 8(d); 5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1368 (1969).

In this case, defendants first contend that plaintiff fails to set forth a viable claim, because there is no statutory or constitutional mandate which specifically requires state correctional officers to give state law books to a state prisoner confined in a federal penitentiary. Although this statement of law is accurate, it does not dispose of plaintiff's allegations. The complaint makes clear that plaintiff does not base his claim merely on the assertion that he has not been provided with certain law books which he has requested. Rather, plaintiff contends that defendants' denial of his request has deprived him of his constitutional right of access to the courts by preventing him from researching state law and examining legal materials which are relevant to various cases which he is presently litigating in the Massachusetts state courts. *Cf. Souza v. Travisono,* 498 F.2d 1120, 1123 n. 6 (1st Cir.1974) (Inmate access to legal aid from law students is a matter of constitutional right only insofar as such aid is necessary to implement inmates' fundamental right of access to the courts.) Therefore, I rule that plaintiff has alleged legally cognizable claim. *See Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).

Defendants also assert that plaintiff's claims for injunctive and declaratory relief are moot. To support this defense, defendants rely solely on ¶ 13 of the answer, which denies the complaint's allegation that plaintiff is presently imprisoned in the federal penitentiary at Leavenworth, Kansas, and further states that plaintiff is currently incarcerated at the state facility in Norfolk, Massachusetts. Although both parties' briefs regarding this motion suggest that plaintiff is now confined in Massachusetts, this fact does not appear on the face of the complaint, and therefore cannot serve as a basis for a judgment on the pleadings. Had defendants offered evidence verifying plaintiff's present location and custodial status, the Court would have been able to consider defendants' 12(c) motion as a motion for partial summary judgment, Fed.R.Civ.P. 12(c); 56, but, in the absence of evidentiary support for defendants' factual allegations bearing on the issue of mootness, defendants' motion for judgment on the pleadings with respect to plaintiff's claims for declaratory and injunctive relief may not be allowed.

Defendants also contend that plaintiff's claim for damages is foreclosed by defendants' qualified immunity. Defendants correctly assert that a government official cannot be held liable under 42 U.S.C. § 1983 for depriving a person of a specific constitutional right unless that right was clearly established at the time the official took the action of which the individual complains. *In Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982), the United States Supreme Court recognized that "[i]f the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to 'know' that the law forbade conduct not previously identified as unlawful." *Id.* The Court cautioned, however, that in instances "[w]here an official could be expected to know that certain conduct would violate statutory or constitutional rights, he should be made to hesitate; and a person who suffers injury caused by such con-

duct may have a cause of action." *Id.* at 819, 102 S.Ct. at 2739.

I rule that by 1980, when plaintiff was transferred from the Massachusetts prison system to the federal penitentiary at Leavenworth, the constitutional right of prisoners to have meaningful access to the courts had been clearly established by the United States Supreme Court. *See, e.g. Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Johnson v. Avery,* 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); *Burns v. Ohio,* 360 U.S. 252, 79 S.Ct. 1164, 3 L.Ed.2d 1209 (1959); *Ex parte Hull,* 312 U.S. 546, 61 S.Ct. 640, 85 L.Ed. 1034 (1941). In *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), which provides the most comprehensive analysis of this constitutional right to date, the Supreme Court stated unequivocally that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 828, 97 S.Ct. at 1498. In light of the *Bounds* opinion and the preceding Supreme Court decisions which delineate inmates' right of access to the courts, defendants' argument that they are entitled to good faith immunity because this constitutional right was not clearly established at the time of plaintiff's transfer to Leavenworth seems dubious at best.

Defendants also assert, however, that they should be granted qualified immunity because they are not solely responsible for ensuring the constitutional rights of state prisoners detained in federal facilities. Although federal officials may share the duty of providing appropriate legal resources for such prisoners, *see Rich v. Zitnay,* 644 F.2d 41, 43 n. 1 (1st Cir.1981); *Beshaw v. Fenton,* 635 F.2d 239, 241 n. 2 (3rd Cir. 1980), *cert. denied,* 453 U.S. 912, 101 S.Ct. 3145, 69 L.Ed.2d 995 (1981), the proper allocation of this burden between state and federal authorities is an issue which need not be decided here. Defendants do not, and cannot, contend that they have no duty whatsoever to ensure plaintiff's right of access to the courts. Moreover, the existence of this responsibility was clear at the time plaintiff was sent to Leavenworth. *See, e.g., Bounds v. Smith,* 430 U.S. at 829, 97 S.Ct. at 1498; *Younger v. Gilmore,* 404 U.S. 15, 92 S.Ct. 250, 30 L.Ed.2d 142 (1971); *aff'g Gilmore v. Lynch,* 319 F.Supp. 105 (N.D.Cal.1970); *Hohman v. Hogan,* 458 F.Supp. 669 (D.Vt.1978).

 Because I rule that defendants reasonably should have known of both plaintiff's constitutional right of access to the courts and their own duty to help provide for its fulfillment, there remains a factual issue as to whether defendants have satisfactorily discharged this responsibility. Defendants' motion for judgment on the pleadings as to plaintiff's claim for damages must therefore be denied.

Order accordingly.