**John C. GEUPEL, Plaintiff,**

v.

**Robert BENSON, Defendant.**

**Civ. A. No. 88–0655–C.**

United States District Court,
D. Massachusetts.

Feb. 2, 1989.

---

**313**

Michael Ready, Morrison, Mahoney & Miller, Boston, Mass., for plaintiff.

Robert Norris, Boyd, Maccrellish & Wheeler, Boston, Mass., for defendant.

MEMORANDUM

CAFFREY, Senior District Judge.

The plaintiff, resident of Ohio, has brought this action on two negotiable instruments against Robert Benson, a Massachusetts resident. Jurisdiction in this case is based on diversity of citizenship. The case is now before the Court on the defendant's motion for judgment on the pleadings, pursuant to Fed.R.Civ.P. 12(c). The defendant has also moved to strike certain exhibits submitted by plaintiff in his opposition to the motion for judgment on the pleadings.

Plaintiff alleges in his Complaint that the defendant executed two promissory notes, the first on May 29, 1981 in the principal amount of $50,000, and the second on August 31, 1981 in the principal amount of $35,000. Plaintiff includes copies of both the promissory notes as Exhibits A and B to the Complaint. Geupel further alleges that he has made demand on the defendant for payment of the principal and interest on both notes, and that the defendant has failed to repay all sums outstanding on the notes. Plaintiff requests judgment against the defendant in the amount of $85,000 plus interest, according to the terms of the notes, together with attorney's fees and costs.

In his Answer and Counterclaim, defendant responds that plaintiff's claims are barred by the applicable statute of limitations. Defendant has now moved for judgment on the pleadings, pursuant to Fed.R. Civ.P. 12(c). Fed.R.Civ.P. 12(c) provides in part: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." As the court in *Linder v. Berge*, 577 F.Supp. 279 (D.R.I.1983), *aff'd* 739 F.2d 686 (1st Cir.1984), explained: "A limitations defense is a classic example of an issue which may, in a proper case, be determined by a Rule 12(c) motion." *Id.* at 280 (citations omitted). *See also* 5 Wright & Miller, Federal Practice & Procedure § 1367 (1969) ("[t]he Rule 12(c) procedure also may be of value when the statute of limitations provides an effective bar against plaintiff's claim and the entire controversy may be disposed of by a pretrial summary motion").

A Rule 12(c) motion is a motion for judgment on the merits and should be granted only where no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. *Aiken v. Lerner*, 485 F.Supp. 871, 873 (D.N.J.1980); 27 Federal Procedure. L.Ed. § 6:429 (1984). In deciding the defendant's Rule 12(c) motion, the Court must accept all factual allegations of the Complaint as true, and should allow the motion only if the defendant is "clearly entitled to judgment on the basis of facts as plaintiff has presented them." *Blake v. Berman*, 598 F.Supp. 1081, 1083 (D.Mass. 1984) (citing *Armano v. Federal Reserve Bank of Boston*, 468 F.Supp. 674 (D.Mass. 1979)). Accordingly, defendant's motion should be allowed if the undisputed facts alleged in the pleadings, together with any facts of which the Court will take judicial notice, establish that no relief can be granted for the plaintiff. *J.M. Blythe Motor Lines Corp. v. Blalock*, 310 F.2d 77, 79 (5th Cir.1962).

The two promissory notes on which plaintiff seeks payment were executed in May and August of 1981. Complaint at ¶¶ 4 and 5. Copies of both notes are attached to the

Complaint as Exhibits A and B. At the top of both notes is the capitalized and underlined label "Demand Promissory Note." Both notes state an unconditional promise to pay a designated amount, plus interest at a fixed rate, to plaintiff "upon demand." The terms of the notes are clear and unambiguous. Nothing in the terms of the notes suggests in any way that the instruments are anything other than demand notes.

■ The defendant, maker of the notes, alleges in his Answer that plaintiff's action is barred by the relevant statute of limitations. Under the applicable statute of limitations, actions on promissory notes such as those at issue in this case must be brought within six years after the cause of action accrues. Mass.Gen.Laws Ann. ch. 260, § 2. The Massachusetts Uniform Commercial Code provides that an action against a maker on a demand instrument accrues "upon its date or, if no date is stated, on the date of issue." Mass.Gen. Laws Ann. ch. 106 § 3–122. The notes are dated respectively May 29, 1981 and August 31, 1981. Plaintiff filed his Complaint with the Court on March 18, 1988, and thus, plaintiff's action was not commenced within the statutorily fixed six-year time period. No relief may be granted, therefore, for the plaintiff.

Plaintiff argues that his cause of action on the promissory notes did not accrue on the date of the instruments. Plaintiff argues that a demand for payment was necessary before defendant was liable for repayment of the notes. This Court is well aware that "the mere fact that the parties chose to label the instruments demand notes does not automatically mean that no prior demand is required." *Spencer Companies v. Chase Manhattan Bank, N.A.,* 81 B.R. 194, 198 (D.Mass.1987). The present parties not only labeled the instruments "Demand Promissory Notes," but the explicit terms of the instruments affirmatively indicate that the parties intended the debt to mature upon execution of the notes. *See id.* (the court looks beyond the label of the instruments to their terms and conditions). Though plaintiff is entitled to the most favorable inferences to be drawn from the facts pleaded, the unambiguous agreements pleaded by plaintiff must be interpreted according to their terms. *Ream v. Callahan,* 42 F.Supp. 951, 955 (D.N.Y.1942), *aff'd* 136 F.2d 194 (2d Cir.1943).

■ Defendant has moved to strike certain exhibits included in plaintiff's opposition to the Rule 12(c) motion. Defendant argues that the exhibits relate to extrinsic circumstances surrounding the issuance of the notes, which are irrelevant to the notes' construction. Given that the intent of the parties should be ascertained from the language employed in the notes, *Cantor v. Newton,* 4 Mass.App.Ct. 686, 692, 358 N.E. 2d 247 (1976), and that the terms of both notes are unambiguous, such extrinsic circumstances are irrelevant. *See Freelander v. G. & K. Realty Corp.,* 357 Mass. 512, 516, 258 N.E.2d 786 (1970) (an unambiguous contract must be enforced consistent with its terms). Defendant's motion to strike the exhibits should therefore be allowed.

In sum, the undisputed facts appearing in the pleadings, together with the judicially noticed facts regarding the relevant statute of limitations, establish that no relief can be granted for the plaintiff. Judgment should therefore be entered for the defendant dismissing the Complaint.

Order accordingly.

### ORDER

In accordance with memorandum filed this date, it is ORDERED:

1. Defendant's motion to strike is allowed.

2. Defendant's motion for judgment on the pleadings is allowed.

3. Complaint dismissed.