Kenneth G. JADOFF, George A. Sealey, Courtney R. Slawter, Larry G. Slawter, and Americlean National Corporation, Plaintiffs,

v.

Joseph E. GLEASON, Defendant.

Civ. No. 6:90CV00388.

United States District Court, M.D. North Carolina, Winston–Salem Division.

Oct. 23, 1991.

Pressly McAuley Millen, Womble Carlyle Sandridge & Rice, Raleigh, N.C., Robin R. Palenske, Allan R. Gitter, Womble Carlyle Sandridge & Rice, Winston–Salem, N.C., for plaintiffs.

Daniel R. Taylor, Jr., Winston–Salem, N.C., for defendant.

## MEMORANDUM OPINION

BULLOCK, District Judge.

Plaintiffs in this securities fraud case allege, individually, in Counts 1, 2, and 3 of the complaint, violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (1988), and 17 C.F.R. § 240.-10b–5 (Rule 10b–5) (1990), the North Carolina Securities Act, N.C.Gen.Stat. § 78A–56(i) (1990), and common law fraud by Defendant, Joseph E. Gleason. Plaintiffs also claim, individually and derivatively on behalf of Plaintiff Americlean National Corporation, in Counts 4 and 5, breach of fidu-

ciary duty and common law negligence on the part of Defendant Gleason. By memorandum opinion and order dated February 25, 1991, the court reserved ruling on these last two counts and allowed Plaintiffs thirty (30) days to amend their complaint. As to Counts 1 through 3, Defendant denies liability and has pled, as an affirmative defense, acknowledgments signed by Plaintiffs Jadoff, Sealey, and Courtney R. Slawter.[1] Defendant has now moved this court for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) on the ground that the acknowledgments signed by Plaintiffs foreclose any recovery on Counts One, Two, and Three of Plaintiffs' complaint, namely the violations of the Securities Exchange Act of 1934, the North Carolina Securities Act, and common law fraud. The court finds that the acknowledgments are insufficient to foreclose recovery and will therefore deny Defendant's motion.

In ruling on Defendant's motion for judgment on the pleadings the court must view the facts presented in the pleadings in the light most favorable to the party against whom the motion is made. *Smith v. McDonald,* 562 F.Supp. 829, 842 (M.D.N.C.1983) (citing *King v. Gemini Food Servs., Inc.,* 438 F.Supp. 964 [E.D.Va. 1976], *aff'd,* 562 F.2d 297 [4th Cir.1977], *cert. denied,* 434 U.S. 1065, 98 S.Ct. 1242, 55 L.Ed.2d 766 [1978] ), *aff'd,* 737 F.2d 427 (4th Cir.1984), *aff'd,* 472 U.S. 479, 105 S.Ct. 2787, 86 L.Ed.2d 384 (1985). Judgment for the moving party is appropriate only if there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. *Id.*

When a defendant moves for judgment on the pleadings, the fact allegations of the complaint are taken as true, but those of the answer are taken as true only where and to the extent they have not been denied or do not conflict with the complaint. *Parker v. DeKalb Chrysler Plym-*

---

1. Because each acknowledgment was identical, the court will refer to the acknowledgments and the Plaintiffs collectively. Plaintiff Larry G. Slawter did not sign an acknowledgment, but because Defendant's motion will be denied it is unnecessary for the court to rule on the significance of this fact.

*outh,* 459 F.Supp. 184, 187 (N.D.Ga.1978), *aff'd,* 673 F.2d 1178 (11th Cir.1982). *See* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1368 (1990). For the purposes of this motion Defendant cannot rely on allegations of fact contained only in the answer, including affirmative defenses, which contradict Plaintiffs' complaint. Plaintiffs were not required to reply to Defendant's answer, and all allegations in the answer are deemed denied. Fed. R.Civ.P. 8(d), 7(a). Therefore Defendant cannot rely on the acknowledgments to support his motion because their existence is deemed disputed. Although the existence of the acknowledgments is not disputed by Plaintiffs in their brief in response to Defendant's motion, and is essentially admitted,[2] their existence is not admitted on the face of the complaint and cannot be considered on a motion for judgment on the pleadings. *Blake v. Berman,* 598 F.Supp. 1081, 1083 (D.Mass.1984).

■ However, Defendant has provided this court with the acknowledgments as exhibits to its answer. Therefore, the court will consider Defendant's motion as a motion for partial summary judgment and render its opinion accordingly. Fed. R.Civ.P. 12(c), 56. *See Blake,* 598 F.Supp. at 1083.[3] As is true with a motion for judgment on the pleadings, on partial summary judgment the inferences drawn from the facts must be viewed in the light most favorable to the non-moving party. *Conkwright v. Westinghouse Elec. Corp.,* 933 F.2d 231 (4th Cir.1991); *Charbonnages de France v. Smith,* 597 F.2d 406 (4th Cir. 1979).

### BACKGROUND

Kenneth G. Jadoff, George A. Sealey, and Courtney R. Slawter, plaintiffs in this action, are all record owners of the common stock of Americlean National Corporation, a Delaware corporation with its principal place of business in Winston–Salem, North Carolina. In the spring of 1988, Jadoff learned through an advertisement of an opening for the position of chief operating officer of Americlean. He also learned that stock ownership was a prerequisite for consideration for the position. In June of 1988, Jadoff visited Winston–Salem and was assured by Joseph Gleason, Americlean's chairman of the board and the defendant in this case, that both Americlean and its subsidiary, Camel City Laundry, were financially sound. On August 4, Jadoff made a $75,000.00 investment in Americlean's common stock and a $25,000.00 loan to the company. In August of 1988, George A. Sealey invested $25,000.00 in common stock of Americlean. Also in August 1988, upon the advice of her husband, Plaintiff Larry G. Slawter, Courtney R. Slawter invested $25,000.00 in common stock of Americlean.

Jadoff, Sealey, and the Slawters allege they made the stock purchases in express reliance on representations by Defendant Gleason which they now claim were materially false and incomplete. Specifically, Plaintiffs claim that Defendant made representations concerning Americlean's and Camel City's financial soundness, development plans, financial statements, profitability, receipt of venture capital, and growth potential. Verified Complaint at ¶ 11 (July 31, 1990). Plaintiffs also allege Defendant omitted material facts that were necessary to prevent his representations from being misleading, namely that the funds acquired from the sale were to be used both to pay down a line of credit and to pay substantial legal fees owed by Americlean, Camel City, or Defendant Gleason. Plaintiffs also allege that Defendant failed to provide consolidated financial statements that would

**2.** Plaintiffs argued that the acknowledgment could have been fraudulently obtained, implying an admission of its existence. Additionally in their brief, Plaintiffs address the merits of the motion by responding to each representation contained in the acknowledgment.

**3.** Plaintiffs had sufficient notice of Defendant's affirmative defense to produce affidavits in opposition to Defendant's motion as contemplated by Rule 12(c). It is therefore unnecessary for the court to issue an order giving notice to the parties of the conversion of the motion for judgment on the pleadings to one for summary judgment. *See Fayetteville Investors v. Commercial Builders, Inc.,* 936 F.2d 1462 (4th Cir.1991).

have shown Americlean to be in financial distress. *See* Verified Complaint at ¶ 12.

Following the court's denial of his motion to dismiss, Defendant filed an answer to Plaintiffs' first three claims for relief on March 7, 1991. In that pleading, Defendant interposes, as an affirmative defense, written statements signed by Plaintiffs[4] that allegedly constitute a waiver by Plaintiffs of all claims against Defendant. *See* Answer at ¶¶ 6, 8, 9 (Mar. 7, 1991). On March 21, 1991, Defendant Gleason moved for judgment on the pleadings which, as indicated, will be treated by the court as a motion for partial summary judgment.

## DISCUSSION

In his answer, Defendant contends that the acknowledgments constitute a waiver of all claims and Plaintiffs are estopped to sue. *See* Answer, Third Defense, at 6 (Mar. 7, 1991). Defendant also argues that the acknowledgements show that Plaintiffs did not rely on any representations made by Gleason in reaching their decision to purchase the stock. Therefore, according to Defendant, since reliance is an element of a claim under Rule 10b–5, the North Carolina Securities Act, and common law

fraud, Plaintiffs cannot make out a *prima facie* case on these counts and they must be dismissed. *See* Brief in Support of Motion for Judgment on the Pleadings at 3–4 (Mar. 21, 1991). The court finds neither argument meritorious and Defendant's motion must be denied.

### A. *Acknowledgment as Release or Waiver*

Section 29(a) of the Securities Exchange Act of 1934, 15 U.S.C. § 78cc(a), provides that: "Any condition, stipulation, or provision binding any person to waive compliance with any provision of this chapter or of any rule or regulation thereunder, or of any rule of an exchange required thereby shall be void."[5] This provision, along with its counterpart in Section 14 of the Securities Act of 1933, 15 U.S.C. § 77n, is the foundation of a general policy disfavoring releases in security claims. *Fox v. Kane–Miller Corp.*, 398 F.Supp. 609, 624 (D.Md.1975), *aff'd*, 542 F.2d 915 (4th Cir. 1976). Not all releases, however, are void. A release "with respect to all claims of which the parties had actual knowledge ... or of which the parties would have discovered upon reasonable discovery" is not

---

**4.** The acknowledgment signed by each Plaintiff states as follows:

> I acknowledge receipt from the Corporation [Americlean] of all information existing to date regarding the operations of the Corporation and each of its subsidiaries. I further acknowledge, specifically but without limitation, that I have been informed to my satisfaction and have had the opportunity to ask questions of the Company's lawyers regarding pending criminal and civil actions against Camel City Laundry Company ('Camel City') and against Joseph E. Gleason, President of Camel City.
>
> I certify that I have access to and have been furnished with all requested information concerning the Company and its proposed operation.
>
> ....
>
> I represent and am confident that I have the knowledge and experience in financial and business matters necessary to evaluate the merits and risks of this investment, and my decision to purchase the Corporation's stock is made on the basis of my own independent evaluation of the stock as a suitable investment and not upon any expressed or implied representations of the Corporation or any oth-

er persons. I am in a financial position to bear the economic risks of this investment. Defendant's Answer, Exhibits A, B, and C (Mar. 7, 1991).

**5.** The North Carolina Securities Act has a counterpart to Section 29(a) that is virtually identical in language. It states: "Any condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of this Chapter or any rule or order hereunder is void." N.C.Gen.Stat. § 78A–56(i) (1990).

No North Carolina court has interpreted the North Carolina Securities Act civil liability provision, Section 78A–56(a), as coextensive with an action under Rule 10b–5. However, federal courts have interpreted the North Carolina act by reference to federal law and found that Section 78A–56(a) is "similar" to Rule 10b–5. *See Hunt v. Miller*, 908 F.2d 1210, 1213 n. 5 (4th Cir.1990); *Umstead v. Durham Hosiery Mills, Inc.*, 578 F.Supp. 342, 347 n. 5 (M.D.N.C.1984).

The court will treat the North Carolina securities claim and the Rule 10b–5 claim in the same manner. The decision of the court as to the legal effect of the acknowledgments, while based on federal precedent, applies equally to the North Carolina Securities Act claim.

void. *American Gen. Ins. Co. v. Equitable Gen. Corp.,* 493 F.Supp. 721, 751 (E.D.Va.1980) (citing *Goodman v. Epstein,* 582 F.2d 388 [7th Cir.1978], *cert. denied,* 440 U.S. 939, 99 S.Ct. 1289, 59 L.Ed.2d 499 [1979]). Only those releases attempting anticipatory waivers of compliance with the securities laws are void. *Id.* at 750 n. 57; *Korn v. Franchard Corp.,* 388 F.Supp. 1326, 1329 (S.D.N.Y.1975).

The acknowledgments signed by Plaintiffs did not contain release language similar to that found in the release cases cited. In *Goodman,* the release stated plaintiffs "do hereby release and forever discharge" defendants. 582 F.2d at 394. Likewise, in *American Gen. Ins.,* it stated the parties "hereby release the other ... from any and all liabilities, claims and causes of action." 493 F.Supp. at 728 n. 5. It is difficult for the court to view the acknowledgments as absolute releases as Defendant suggests since they do not explicitly release Defendant Gleason.[6] Considering them as releases, however, the court is convinced that they are void under 15 U.S.C. § 78cc(a) and N.C.Gen.Stat. § 78A–56(i).

The only plausible argument is that by acknowledging the receipt of all information Plaintiffs have waived their right to complain they did not, in fact, receive all of the information material to their decisions. The court finds the argument to be without merit in light of the statutes. Defendant was under a duty to provide Plaintiffs with all material information. *See Chiarella v. United States,* 445 U.S. 222, 229–30, 100 S.Ct. 1108, 1115, 63 L.Ed.2d 348 (1980). Signing a waiver stating that the parties received all information necessary, when they may not have, constitutes an anticipatory waiver of Defendant's duty to disclose. Were such a statement to be upheld as a waiver it would constitute a license for fraud. Parties would be estopped from complaining of actionable misrepresenta-tions and omissions simply because they signed a paper stating there were none. "It would be highly anomalous ... to hold under Section 29(a) that a party, without knowing the facts, could effectively bar himself by a release from suing for fraud in the transaction of which the release was part." *Schine v. Schine,* 254 F.Supp. 986, 988 (S.D.N.Y.1966). *See American Gen. Ins. Co.,* 493 F.Supp. at 751 (release, executed as part of closing, would not bar suit when plaintiff was victim of misrepresentation and concealment of material facts).

Further, Plaintiffs could not have known of any misrepresentation or omission at the time of signing. The acknowledgments themselves indicate Plaintiffs did not know of any misrepresentation. Defendant has not shown that Plaintiffs should have known of any misrepresentation as he denies the existence of any.[7] The court finds that Plaintiffs did not know nor should they have known of any fraud. The acknowledgments then are anticipatory waivers and therefore void under 15 U.S.C. § 78cc(a) and N.C.Gen.Stat. § 78A–56(i).

### B. *Acknowledgment as Failure of Reliance*

Reliance on the misrepresentation or omission of a defendant is an element of an action under Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b–5. *See Chiarella v. United States,* 445 U.S. 222, 100 S.Ct. 1108, 63 L.Ed.2d 348 (1980). It is also an element of a claim under the North Carolina Securities Act, *cf. Hunt,* 908 F.2d 1210, and common law fraud. *Northwestern Bank v. Rash,* 74 N.C.App. 101, 327 S.E.2d 302 (1985). Failure of Plaintiffs to show reliance is grounds for dismissal of their claims. Defendant Gleason argues that because the acknowledgments state that Plaintiffs received all existing information, were informed to their satisfaction, and

---

**6.** *Goodman* and *American Gen. Ins.* both turned not on the language of the release but the extent of knowledge and investigation of the releasing parties.

**7.** Defendant cites *Goodman* for the proposition that a request to sign a release puts a person on notice to investigate for potential problems. As the court has noted, the acknowledgments were not releases but stated only a belief as to the receipt of information. No notice to inquire would arise from such a statement.

relied only on their own independent evaluation, they thus did not rely on any misrepresentation or omission that may have existed and therefore recovery is foreclosed. The court finds this argument equally unpersuasive.

The acknowledgment is essentially in two parts: (1) that Plaintiffs received all materials necessary and relevant to their decision, and (2) that Plaintiffs relied exclusively on their own independent knowledge and experience in evaluating the material furnished in reaching a decision. Both of these elements have been found insufficient by the First and Fifth Circuits.

In *Stier v. Smith*, 473 F.2d 1205 (5th Cir.1973), plaintiff signed an investment letter stating, "I acknowledge that you have ... furnished me with such financial and other data relating to your company and its business which I consider necessary or advisable to enable me to form a decision concerning my purchase." *Id.* at 1208 n. 8. The district court in that case found that plaintiff was a sophisticated investor, that he relied on his own investigations and appraisals in reaching a decision, and had adequate access to the information he thought necessary. *Id.* Nevertheless, the Fifth Circuit reversed the district court, reasoning that when an insider fails to disclose all information material to a decision "he cannot hide behind the defense that plaintiff didn't appear to want the information." *Id.* at 1208. In other words, the plaintiff could not accurately state that he had all the information necessary for an informed decision when there was information in existence he did not know to ask for.

The instant case is virtually indistinguishable. Plaintiffs stated they received all information available and relied only on it to make their decision. However, if there were facts undisclosed to Plaintiffs then they falsely believed that they had received all existing information. Defendant cannot rely on Plaintiffs' possible misapprehension of the facts to excuse unlaw-

ful conduct. Defendant attempts to distinguish *Stier* on the grounds that the acknowledgment here said "all information" while in *Stier* the letter acknowledged receipt of information "I consider necessary".[8] The distinction is only semantics. For a reasonably informed investor, the information "necessary" for a decision would be "all" of the material information. If Defendant withheld material information then Plaintiffs did not receive all of the information, regardless of what was acknowledged.

Further, in *Rogen v. Ilikon Corp.*, 361 F.2d 260 (1st Cir.1966), a similar situation existed. Plaintiff was the largest shareholder and former president of defendant Ilikon Corporation. After plaintiff was forced out of the company, Ilikon made substantial progress which plaintiff could have become aware of, except for his own inaction. Subsequently, plaintiff agreed to sell his shares to defendant. Contemporaneously with the sale, plaintiff signed a statement stating that he was "fully familiar with the business and prospects of the corporation, [was] not relying on any representations or obligations to make full disclosure with respect thereto, and ha[d] made such investigation thereof as [was] necessary." *Id.* at 265. The court found that there was no difference between waiving rights that might arise from representations or omissions and stating there was no reliance on representations or omissions. The statement of non-reliance constituted a waiver of compliance which was void under Section 29(a). *Id.* at 268.

Again, like *Stier*, the court finds *Rogen* persuasive. As noted, *supra*, upholding such disclaimers of reliance would give a 10b–5 defendant license to make any representations he desired with impunity. Any misrepresentation or omission that existed at the time of the consummation of the sale also existed at the time of the execution of the acknowledgment. The acknowledgment then is infected with any fraud that exists as the basis of Plaintiffs' claims. It

8. In *Stier*, as the case was on appeal, it had already been determined that some information had been withheld. 473 F.2d at 1207. In this case, whether omissions or misrepresentations

existed will be determined at trial. All the court decides today is that the acknowledgment cannot be interposed as an absolute defense.

would be poor policy to allow securities fraud to exist, and for its perpetrator to avoid civil liability because a victim unwittingly believed and acknowledged there was no fraud. *See Schine v. Schine*, 254 F.Supp. 986 (S.D.N.Y.1966).

The court holds that the acknowledgments signed by Plaintiffs do not constitute waivers or conclusive evidence that Plaintiffs did not rely on the complained of misrepresentations.[9] Defendant Gleason has failed to show to the satisfaction of the court that he is entitled to judgment as a matter of law, and therefore summary judgment will be denied.

---

**9.** Plaintiffs' acknowledgments are merely potential evidence for the jury to consider on the question of reliance.