974 F.2d 1329
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Carlos MERCADO, Plaintiff, Appellant,
v.
AVIATION ASSOCIATES, INC. Defendant, Appellee.
 No. 91-1985.
 United States Court of Appeals,
First Circuit.
 Aug. 26, 1992.
 
 Angel L. Morales Rodriguez, on brief for appellant.
 A.J. Harper II, Teri L. Danish, Fulbright & Jaworski and Lawrence E. Duffy on brief for appellee.
 Before Breyer, Chief Judge, Campbell, Senior Circuit Judge, Cyr, Circuit Judge.
 Per Curiam.
 
 
 1
 The appellant, Carlos Mercado, was employed as a pilot by appellee Aviation Associates, Inc. Mercado took part in efforts to organize the pilots employed by Aviation Associates into a bargaining unit represented by the Air Line Pilots Association (ALPA). Aviation Associates fired Mercado on February 20, 1989, ostensibly because he had violated company work rules. Mercado contends that he was sacked in retaliation for his union organizing activities.
 
 
 2
 According to the statement of "uncontested material facts" that both parties presented to the district court, Mercado then "sought ALPA's assistance, because he believed that his dismissal was caused by his support of ALPA." The assistance ALPA rendered was informal, for at the time neither ALPA nor any other union had been recognized as the bargaining representative of the pilots employed by Aviation Associates, and no collective bargaining agreement was in place. ALPA apparently presented a "petition" to the president of Aviation Associates, and some form of negotiations ensued. In January 1990 ALPA informed Mercado that it was unable to settle his differences with Aviation Associates.
 
 
 3
 In May 1990-five months after negotiations broke down but fifteen months after Aviation Associates fired him-Mercado filed this suit in federal court. Initially, he named both Aviation Associates and ALPA as defendants. Mercado claimed that, by discharging him in retaliation for his union activities, Aviation Associates had violated both the Railway Labor Act, 45 U.S.C. § 151 et seq., (which governs relations between airlines and their employees, see 45 U.S.C. § 181), and the Puerto Rico Wrongful Discharge Statute, 29 L.P.R.A. § 185a. As to the union, Mercado claimed that its efforts on his behalf were inadequate, and that the union had thereby violated its duty "to fairly represent" him, "which duty arises under the mandate of the Railway Labor Act."
 
 
 4
 Mercado soon voluntarily dismissed his claim against ALPA. The claims against Aviation Associates proceeded to a motion for summary judgment. The district court granted the motion on the ground that Mercado had failed to file suit within the six-month period required by the Railway Labor Act. It then dismissed the pendent state law claim. This appeal followed. We affirm.
 
 
 5
 On appeal, as in the district court, Mercado concedes that "the statute of limitations concerning the instant matter is indeed six months." See Benoni v. Boston and Maine Corp., 828 F.2d 52, 56 (1st Cir. 1987) ("Although the RLA has no statute of limitations of its own, the courts ... have 'borrowed' the six-month limitations period of section 10(b) [of the National Labor Relations Act, 29 U.S.C. § 160(b) ] ... and applied it to actions claiming unfair labor practices under the RLA").[1] His only contention is that the limitations period was tolled while ALPA negotiated on his behalf with Aviation Associates.
 
 
 6
 The general rule is that negotiations do not toll the running of a limitations period. A plaintiff can invoke the doctrine of equitable estoppel where the defendant has "in some way lulled [him] into believing that it was not necessary to commence litigation," Cerbone v. International Ladies' Garment Workers Union, 768 F.2d 45, 49-50 (2d Cir. 1985), and "[o]ne factor that frequently appears in the estoppel cases is a settlement negotiation." Id. However, "[n]egotiations alone will not bring into play the doctrine of equitable estoppel." Gieringer v. Silverman, 539 F.Supp. 498, 503 (E.D.Wis. 1982). "To constitute estoppel there must be deception relied upon by the other to his detriment." McWaters & Bartlett v. United States for Use and Benefit of Wilson, 272 F.2d 291, 296 (10th Cir. 1959). Thus, a claim of "estoppel by negotiation" requires proof that in offering to negotiate, or in actually negotiating, the defendants made representations which they knew or should have known would induce the plaintiff to delay bringing suit, and that the plaintiff in fact delayed filing suit in reliance on those representations. See Whitcomb v. Pension Development Co., 808 F.2d 167, 172 (1st Cir. 1986).
 
 
 7
 None of these elements is present here. The record contains neither allegations nor proof that Aviation Associates used the lure of settlement to forestall a lawsuit until the period of limitations had passed. To the contrary, it appears that Mercado and his ALPA representatives, rather than the employer, initiated the negotiations. See Pfister v. Allied Corp., 539 F.Supp. 224, 227 (S.D.N.Y. 1982) (declining to find equitable estoppel where "plaintiff himself requested that the defendant discuss settlement with him"). The district court therefore correctly applied the limitations bar to the Railway Labor Act claim, and properly dismissed the pendent state law claim along with it. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966) ("if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well").
 
 
 8
 Affirmed.
 
 
 
 [1]
 Even if Benoni, and Linder v. Berge, 739 F.2d 686 (1st Cir. 1984), left open the question whether it would be better in actions arising under the Railway Labor Act to borrow the six-month limitations period from Section 10(b) of the National Labor Relations Act, or "the two year period provided in the Railway Labor Act for suits challenging the decisions of the National Railroad Adjustment Board," id. at 689, we need not answer the question here, where Mercado has conceded the applicability of the six-month limitations period. A court of appeals should not address an issue never raised by the parties unless it isconvinced, "at a minimum, that not raising the issue would result in a gross miscarriage of justice and that raising the issue would virtually ensure the success of the party on whose behalf the issue is being raised." Whyte v. Connecticut Mutual Life Ins. Co., 818 F.2d 1005, 1011 n.20 (1st Cir. 1987). Since other courts have unambiguously applied the six-month period of Section 10(b) to claims arising under Section 152 of the Railway Labor Act, Robinson v. Pan American World Airways, 777 F.2d 84, 85-89 (2d Cir. 1985); Brotherhood of Locomotive Engineers v. Atchison, Topeka & Santa Fe R. Co., 768 F.2d 914, 919 (7th Cir. 1985); Atkins v. Zantop International Airlines, 18 Av.Cas. (CCH) p 18,290 (E.D.Mich. 1984), and since Section 10(b) certainly is not an inappropriate candidate for borrowing in this case, see Communications Workers of America v. Western Electric Co., 860 F.2d 1137, 1139 (1st Cir. 1988) (in determining which limitations period to borrow, "[t]he key has become appropriateness"), we have no occasion to inquire further